IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVA TRINIDAD FALCONI, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | No. 04-4903 |
|     Respondent. | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                May 26, 2005

      Before the court is Petitioner Eva Trinidad Falconi's (alternatively "Petitioner" or "Falconi") pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. By this petition, Falconi, who is currently a resident of the Federal Detention Center in Philadelphia, Pennsylvania ("FDC Philadelphia"), challenges (1) the calculation of her good time credits, (2) FDC Philadelphia's enforcement of its anti-smoking policy, allegedly in violation of the Eighth Amendment, (3) her transfer from the Federal Correction Institution in Danbury, Connecticut ("FCI Danbury") to FDC Philadelphia, allegedly in violation of her due process rights, (4) her loss of work cadre program benefits accrued while in FCI Danbury's work cadre program, allegedly in violation of her due process rights, and (5) her alleged forced participation in FDC Philadelphia's work cadre program. For the reasons set forth below and in the United States District Court for the Eastern District of New York's Memorandum and Order (Trager, J.) transferring the matter to this district,[1] we **RECOMMEND** that

---

[1]     In its opinion transferring this matter, the United States District Court for the Eastern District of New York instructed Petitioner to re-file her claim involving loss of good time credits in a habeas action and also to re-file the remainder of her claims as a separate civil action brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (See Doc. No. 1, Transfer Mem. at 2.) Petitioner never re-filed.

    We note that, as the District Court for the Eastern District of New York explained, Petitioner's claims two through five listed above appear to be Bivens claims and not appropriate

Petitioner's claims two through five be **DISMISSED** without prejudice to Petitioner's right to re-file these claims in a new and separate civil action and that Petitioner's first claim requesting habeas relief be **DENIED** as meritless.[2]

## DISCUSSION

Falconi is currently serving a sentence of twelve years and seven months in FDC Philadelphia for conspiracy to import cocaine and intent to distribute and possess cocaine. (Resp., Ex. A at G0000.) The Bureau of Prisons (the "BOP"), assuming Falconi will qualify for future good time credits, projected Falconi's release date to be April 4, 2006.[3] (Resp., Ex. E at "Part B Response" to Admin.

---

claims for a habeas petition. (Id. (stating that her claims involving constitutional violations by federal officials, which involve conditions of confinement, must be brought under Bivens).) Should Petitioner wish to pursue her Bivens claims, she has the right to re-file them as a new and separate civil action. We caution Petitioner, however, that Bivens claims are not proper habeas claims. Thus, she may need to research the substantive and procedural requirements to properly plead, serve, and re-file her Bivens claims.

[2] This habeas petition was initially filed in the United States District Court for the Eastern District of New York. As sufficiently explained in the October 13, 2004 Memorandum and Order transferring the matter to this Court, Petitioner's clams for relief sound under both 18 U.S.C. § 2241 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971). Petitioner's claim involving good time credit, which affects the length of confinement, is the only claim properly before the court on habeas review.

[3] In its May 3, 2003 response to Falconi's request for an administrative review of her good time credits, the BOP specifically explained its calculation of Falconi's projected release date:

> You were arrested in relation to this offense, on April 18, 1995, and remained in continuous custody since that date. Your projected release date includes the maximum amount of Good Conduct Time for a sentence of 151 months. . . .
>
> Specifically, you earned 54 days Good Conduct Time for each year served, with April 16, 1996, being the date of your first award. To

Remedy No. 296377-F1.)  Falconi, after exhausting administrative remedies, filed this habeas corpus petition challenging the BOP's administration of her sentence.  (See Resp. at 7, para. 3.)  Specifically, she argues that the BOP's application of good time credits in its calculation of her projected release date does not adequately reduce her sentence.[4]  (Pet. at 6, 14; Reply at 4.)

The BOP awards federal inmates good time credits pursuant to 18 U.S.C. § 3624(b).  Section 3624(b) states, in pertinent part:

> [A] prisoner . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .  Credit that has not been earned may not later be granted.  Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).  The BOP implemented this statute through 28 C.F.R. § 523.20, which interprets § 3624(b) as giving inmates good time credits based upon their time actually served.  Section 523.30 states, in pertinent part:

> Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on

---

> date, you have earned 432 days of Good Conduct Time and are projected to earn a total of 592 days (54 days for each year served from April 17, 1995, through April 16, 2005, and 52 days for the period of April 17, 2005, through April 4, 2006.)

(Resp., Ex. E at "Part B Response" to Admin. Remedy No. 296377-F1.)

[4]  Petitioner's claim is properly labeled as a habeas corpus claim pursuant to § 2241 because her challenge touches upon the length of her confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (stating "[s]ection 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence").

> or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days <u>credit</u> toward service of sentence (good conduct time credit) <u>for each year served</u>. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. The amount to be awarded is also subject to disciplinary disallowance. . . .

28 C.F.R. § 523.20 (emphasis added). Petitioner argues that the BOP's "time actually served" interpretation is contrary to the plain language of 18 U.S.C. § 3624(b), which she contends clearly sets forth that credits are to be given based on the "sentence imposed."

Petitioner's claim raising the issue of whether the BOP's calculation of Petitioner's good time credits must be based upon the "sentence imposed" as opposed to "time actually served" is the only claim properly before the court.[5] (<u>See</u> Pet. at 6, 14.) In response to this claim, Respondent asserts that the BOP correctly calculated good time credits based upon the "time actually served" by Petitioner. (Resp. at 8; <u>see also</u> Pet. at 6.) The reason Petitioner takes issue with this method of calculation, however, is that she believes the language of § 3624(b) entitles her to additional good time credits based upon the original "sentence imposed" – her entire sentence of twelve years and seven months. (Pet. at 6.)

The Third Circuit recently faced this very issue in <u>O'Donald v. Johns</u>, 402 F.3d 172 (3d Cir. 2005). In <u>O'Donald</u>, the BOP interpreted § 3624(b)'s good time credit provision as applicable to "time actually served" by inmates, rather than the original "sentence imposed" on them. The court found that the BOP's "time actually served" interpretation was reasonable because it "enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT [good conduct time] for time during which they were not incarcerated." <u>O'Donald</u>, 402 F.3d at 174.

---

[5] We express no opinion on the merits of Petitioner's <u>Bivens</u> claims labeled earlier as claims two through five.

Based upon its finding of reasonableness, the O'Donald court held that it must defer to the BOP's interpretation. Id. The issue in O'Donald is indistinguishable from the issue before us today. Presented with the same question we clearly have no alternative other than to conclude that the BOP's good time credit calculation, which is based on "time actually served" by Petitioner, is proper pursuant to § 3624(b) and that Petitioner's claim is meritless.[6]

For the foregoing reasons, this Court's recommendation follows.

### RECOMMENDATION

**AND NOW**, this 26 day of May 2005, it is respectfully **RECOMMENDED** that, in view of the United States District Court for the Eastern District of New York's Memorandum and Order (Trager, J.) transferring this matter to this district, we recommend that Petitioner's aforementioned claims two through five be **DISMISSED** without prejudice to Petitioner's right to re-file these claims in a new and separate civil action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971) and, for the reasons stated herein, that Petitioner's first claim regarding good time credit be **DENIED** as meritless.[7]

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[6] Respondent also argues that the Court should substitute the current Warden of FDC Philadelphia as the sole respondent and then dismiss this action for lack of service of process. (Resp. at 4-5.) As we are denying Falconi's petition, we believe this suggested substitution and dismissal is unnecessary.

[7] As this is a habeas petition pursuant to § 2241, we need not recommend whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253. See Callwood v. Enos, 230 F.3d 627, 633 n.7 (3d Cir. 2000).